IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01043-WYD-MJW

ELIESER YAEL VELASQUEZ CATALAN;
SERGIO VELASQUEZ CATALAN;
HUMBERTO HERALDO BERROCAL ORTIZ;
LUIS ALEJANDRO FUENTES SANDOVAL; and
OSCAR SANDOVAL POBLETE,

     Plaintiffs,

v.

VERMILLION RANCH LIMITED PARTNERSHIP;
A. WRIGHT DICKINSON, III;
PAULINE DICKINSON;
DEANN DICKINSON;
T. WRIGHT DICKINSON;
MARC DICKINSON; and
JEAN MARIE DICKINSON,

     Defendants.
_____

## AMENDED ORDER ADOPTING AND AFFIRMING
## MAGISTRATE JUDGE'S ORDER
_____

This matter is before the Court on Defendants' Rule 72 Objection to Order Denying Docket No. 61 as it Relates to the Location of Defendants' Deposition which was filed on January 2, 2007. The matter was referred to Magistrate Judge Watanabe and he issued an Order on December 15, 2006, which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a). The Order, which Defendants now appeal in part, states that "it is FURTHER ORDERED that Defendants' Motion to Hold Certain Party Depositions in Rock Springs, Wyoming is DENIED. All depositions of the Plaintiffs and Defendants shall take place in Denver, Colorado where this case is filed." Order at 1.

Since Defendants filed a timely Objection, I must review the Magistrate Judge's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." Cook v. Rockwell Int'l Corp., 147 F.R.D. 237, 242 (D. Colo. 1993).

I find that the Magistrate Judges' conclusion that the depositions of Defendants should take place in Colorado is not clearly erroneous. Three out of six individual Defendants reside in Colorado. [Docket # 80 at 9-10]. Further, the corporate Defendant is registered to do business, and thus resides in Colorado, as well. Consequently, because these four Defendants reside in Colorado, Colorado is the proper location for the taking of their depositions.

As for the remaining three Defendants, I find that the Recommendation is not contrary to law. "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2)." *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D.Cal. 2005)(internal quotations omitted). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 629. There are valid reasons on the record for requiring that all party depositions take place in one location: Counsel for all parties reside in Denver, Colorado; a portion of Defendants' Ranching operations are located in Colorado; and conducting all of the party depositions in one location will help "secure the just, speedy and inexpensive determination of [this

action],_ as required by FED. R. CIV. P. 1.

For the reasons outlined above, the Order of the United States Magistrate Judge, dated December 15, 2006, is AFFIRMED and ADOPTED. Accordingly, it is

ORDERED that Defendants' Motion for Order to Hold Certain Party Depositions in Rock Springs [Docket # 61] is **DENIED**.

Dated: January 5, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge