IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01043-WYD-MJW

ELIESER YAEL VELASQUEZ CATALAN, et al.,

    Plaintiffs,

v.

VERMILLION RANCH LIMITED PARTNERSHIP, et al.,

    Defendants.

## ORDER REGARDING
## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PURSUANT TO
## FED. R. CIV. P. 26(C) (DOCKET NO. 104)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 104). The court has reviewed the motion, response (docket no. 108), and reply (docket no. 109). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs seek an order from this court prohibiting Defendants from inquiring into any matters related to the immigration status and immigration history of Plaintiffs since leaving the employment of Defendants. The requested prohibition includes, but is not

2

limited to, any written discovery requests and any inquires made during depositions within the course of discovery of this case.

This case involves six (6) Chilean cattle herders who came to the United States to work for Defendants under H-2A work visas. Plaintiffs bring this lawsuit to recover damages for injuries under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq.*, the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 et seq., the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, and Common Law claims under Colorado law for breach of contract, false imprisonment, outrageous conduct, and promissory estoppel. Plaintiffs seek economic and non-economic damages, liquidated damages, penalties, treble damages, pain and suffering damages, costs, pre-judgment interest, and post-judgment interest.

Plaintiffs argue: (1) that the requested discovery information encompasses a period of time that is unrelated to any of the claims in this lawsuit; (2) that information about Plaintiffs' immigration status and history have a "chilling effect" on this litigation and such questions are unduly burdensome, oppressive, prejudicial, and interposed for an improper purpose; and (3) that revealing Plaintiffs' immigration status since leaving the employment of Defendants will have an *in terrorem* effect on Plaintiffs. In support of Plaintiffs' arguments above, Plaintiffs rely heavily upon United States v. Brignoni-Ponce, 422 U.S. 873 (1975), Rivera v. Nibo, Inc., 364 F.3d 1057 (9th Cir. 2004), and EEOC v. First Wireless Group, Inc., 225 F.R.D. 404 (E.D.N.Y. 2004).

Defendants argue: (1) that Plaintiffs have placed, at issue, their immigration

3

status and subsequent employment since it is uncontested that Plaintiffs were employed by petitioning Defendants as H-2A visa workers and, therefore, Plaintiffs were allowed to work and live temporarily in the United States for the petitioning employer only; (2) that Plaintiffs' allegations that Defendants' actions caused them to abscond permeate throughout Plaintiffs' complaint and are central to Plaintiffs' claims; (3) that discovery of Plaintiffs' immigration status and subsequent employment is reasonably calculated to lead to admissible, material, and essential evidence probative of Plaintiffs' true reasons for absconding; and (4) that Plaintiffs' immigration status and subsequent employment information is also relevant and material to Plaintiffs' emotional distress claims, mitigation of damages, credibility of Plaintiffs, Defendants' defenses, and damages.  The amount of damages that Plaintiffs are seeking is 3.2 million dollars.

Here, the court finds that the above arguments presented by Plaintiffs are without merit under the facts and circumstances of this case.  Plaintiffs have alleged numerous claims in the pleadings as outlined above.  This court does not find that producing the requested discovery would be unduly burdensome to Plaintiffs. Moreover, this court finds that producing such requested discovery would not have a "chilling effect" or an *in terrorem* effect on Plaintiffs because unlike in the Rivera and First Wireless Group Inc. cases cited by Plaintiffs, in this case, Defendants, as H-2A employers of Plaintiffs, have an affirmative legal duty to report workers who abscond to Immigration Customs Enforcement (f/n/a INS 'Immigration') within twenty-four (24) hours of discovery.  See 8 C.F.R. § 214.2(h)(vi)(A) ("The petitioner (i.e., Defendants)

4

further agrees to notify the Service in the manner specified within twenty-four hours if an H-2A worker absconds. . . ."). Failure by the H-2A employer (i.e., Defendants) to comply with this reporting requirement would subject the employer to liquidated damages. Furthermore, the privacy interests that Plaintiffs have in the requested discovery can be protected and limited in use through a protective order. Lastly, this court finds that the requested discovery is probative on the issues pending before this court and outweighs any prejudice or injury that maybe caused by such disclosure.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 104) is **DENIED**;

2. That the requested discovery may be used by Defendants for this case only and for no other purpose; and,

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 28th day of March 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge