IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01043-WYD-MJW

ELIESER YAEL VELASQUEZ CATALAN, et al.,

    Plaintiffs,

v.

VERMILLION RANCH LIMITED PARTNERSHIP, et al.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiffs Elieser Yael Velasquez Catalan, Sergio Velasquez Catalan, Humberto Heraldo Berrocal Ortiz, and Freddie Vasquez Vargas ("Plaintiffs") along with Defendants Vermillion Ranch Limited Partnership, A. Wright Dickinson III, Pauline Dickinson, Deann Dickinson, T. Wright Dickinson, Marc Dickinson and Jean Marie Dickinson ("Defendants") (collectively, the "Parties" and individually the "Party") hereby stipulate that certain information, materials, or documents that have been or may be requested or disclosed during the above-captioned litigation may contain information designated for "Attorneys Eyes Only," as that term is defined below.

## STATEMENT OF PURPOSE

Discovery in this action has involved and likely will continue to involve production of material that a producing party will contend is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

prosecuting this litigation would be warranted, including material that contains a) immigration status and history revealed during the deposition of third party witness Elizabeth Wald, conducted on September 18, 2007[1] ; b) highly sensitive current and past business planning and marketing, tax, financial, trade secret and other competitive information; and c) other confidential, proprietary, or private information.

## GOOD CAUSE STATEMENT

The court may make any order which justice requires to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause exists to protect each of the categories of documents identified above, as prejudice or harm will result if no protective order is granted. In particular, the Plaintiffs may suffer harm from the public disclosure of information concerning their immigration status and history. Further, Defendants will suffer harm from public disclosure of information pertaining to their current and past business planning and marketing, tax, financial, trade secret, and other financial information. Specifically, the disclosure of such information could give Defendants' business competitors unfair advantage, and could result in economic prejudice to Defendants. Moreover, the courts recognize the propriety of issuing protective orders on a "generalized as opposed to a document-by-document basis." Gillard v. Boulder Valley School Dist. Re.-2, 196 F.R.D. 382, 386 (D. Colo. 2000).

---

[1] The provisions of this Stipulated Protective Order in no way constitute waiver by Plaintiffs of its pending Objection to the Magistrate's denial of Plaintiff's Motion for a Protective Order. Plaintiffs continue to object and seek protection from the Court regarding all other discovery Defendants seek regarding Plaintiffs' immigration status and history; however, the parties agree that this subsection of the Stipulated Protective Order was included for the sole purpose of allowing Defendants' attorneys to ask third party witness Elizabeth Wald about the immigration

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Parties hereto, by and through their respective attorneys, hereby STIPULATE AND AGREE to the following Protective Order:

1. Any party producing or receiving Discovery Material may designate as "Attorneys Eyes Only" any Discovery Material that such party, in good faith, believes to contain: (a) immigration status and history revealed during the deposition of third party witness Elizabeth Wald, conducted on September 18, 2007; (b) highly sensitive current and past business planning and marketing, tax, financial, trade secret and other competitive information; or (c) any other information that the parties have agreed to designate as "Attorneys Eyes Only." Any such designations are to be reasonably limited both in subject matter and in time.

"Attorneys Eyes Only" information means any document or material, or portion thereof that bears the legend "Attorneys Eyes Only." Attorneys Eyes Only information may be found in, but is not limited to, all or any of the following and the contents thereof (hereinafter referred to as "Discovery Material"): (a) deposition testimony or other pre-trial testimony and any transcript thereof, responses to written discovery, and other information or material produced or otherwise made available to the parties to this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries, and other documents or materials made or prepared from Attorneys Eyes Only information, except that it shall exclude attorney-work product; and (c) transcripts, exhibits, and other pleadings or writings that include, summarize, or otherwise

---

status or history of Plaintiffs during her deposition conducted on September 18, 2007. Defendants agree that if the

-3-

disclose Attorneys Eyes Only information.

2. All Discovery Material produced in the above-captioned action, including but not limited to such material marked Attorneys Eyes Only may be used and disclosed only in connection with the prosecution or defense of the above-captioned action and not for any other pending or threatened litigation, or any other business or other purpose whatsoever. In addition, Attorneys Eyes Only information shall not be disclosed unless in accordance with the terms of this Stipulated Protective Order. Except as described herein or by order of this Court, all Attorneys Eyes Only information shall be kept by the other parties in this case in a confidential manner, and shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those identified below.

3. The following persons shall be the only persons permitted to have access to information designated for Attorneys Eyes Only:

(a) Outside counsel representing a Party in this matter, including members of their firms, associate attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees (excluding private investigators, independent experts or consultants retained by counsel for the purpose of assisting in this litigation), and service vendors of such counsel (including translators, interpreters, outside copying services, graphic support services, document imaging services, and database/coding services);

(b) The Court, its staff, and its administrative personnel; court reporters; stenographers or videographers employed to take depositions; and any essential personnel

---

pending Objection is granted, this portion of the deposition will not be used in any way.

retained by the Court, provided that the Confidential Information submitted or filed with the Court shall be placed under seal subject to release or inspection only by order of the Court or consent of the party claiming confidentiality as to the particular material;

(c) Any person who prepared, received, or reviewed the Confidential Information prior to its production in this matter; and

(d) Mediators, arbitrators, or similar outside parties and their staffs enlisted by all Parties to assist in the resolution of this matter.

4. Nothing herein shall prevent disclosures beyond the terms of this Protective Order: (a) by the party designating the information as Attorneys Eyes Only; (b) if the party designating the information as Attorneys Eyes Only provides written consent to such disclosure; or (c) if the Court, after notice to all affected parties, orders such disclosure.

5. Any document or transcript or portion thereof, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain Attorneys Eyes Only information shall be labeled by such party on each page of such document or on such physical object with the designation "Attorneys Eyes Only." In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced. All Attorneys Eyes Only information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Attorneys Eyes Only Information. To the extent that a designating party believes that only a portion of the Discovery Material contains Attorneys Eyes Only material, the initial page shall be stamped "Attorneys Eyes Only Within" and only the specific pages that the

designating party believes should be considered Attorneys Eyes Only Information shall be so stamped.

6.  The inadvertent or unintentional disclosure of any information designated for Attorneys Eyes Only by any party shall not be construed to be a waiver, in whole or in part, of any party's claims of confidentiality either as to the specific information disclosed or as to any other related information. In the event that a party inadvertently or unintentionally fails to stamp or otherwise designate Discovery Material as Attorneys Eyes Only at the time of its production, that party may thereafter stamp or otherwise designate the Discovery Material as Attorneys Eyes Only information. The designating party shall send a letter to the other parties identifying the Discovery Material produced without the proper designation. The designating party shall also send an additional copy of such Discovery Material with the proper designation which the receiving parties shall use to replace the inadvertently produced Discovery Material. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated Discovery Material was in the interim disclosed, shall diligently attempt to retrieve all copies of the Discovery Material distributed to persons other than those identified in Paragraph 3 herein, and thereafter such Discovery Material shall be subject to the provisions of this Stipulated Protective Order.

7.  A party shall not be obligated to challenge the propriety of an Attorneys Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation of Attorneys Eyes Only, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party designating the

information as Attorneys Eyes Only shall have the burden of applying to the Court for an order deeming the information to be "Attorneys Eyes Only." The party opposing the designation shall not object to the designating party filing the information at issue with the Court under seal in order for the Court to resolve the matter. Any information designated as Attorneys Eyes Only shall be subject to the terms of this Order during the resolution of any dispute pursuant to this Paragraph.

8. A party may designate some or all of the transcript of a deposition as Attorneys Eyes Only by indicating on the record at the deposition that the testimony contains or reflects Attorneys Eyes Only information or by notifying all parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript which are for Attorneys Eyes Only. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in the parties' possession, custody or control. Each deposition shall be designated as Attorneys Eyes Only for a period of thirty (30) days after a full and complete transcription of such deposition is available.

9. Any party may introduce any information designated as Attorneys Eyes Only into evidence in connection with any motion, hearing, or trial in this action, provided that counsel for such party files any Discovery Material containing Attorneys Eyes Only information under seal, by submitting such Discovery Material in sealed envelopes or containers prominently marked with the caption of the case and containing the following statement:

**CONTAINS ATTORNEYS EYES ONLY MATERIAL**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*[handwritten: Consistent with D.C. Col. LCiv R 7.2 And 7.3.]*

*[handwritten: WAH 12-11-07]*

-7-

In addition, any document that is to be filed with the Court and that contains Attorneys Eyes Only information shall be marked "FILED UNDER SEAL" on its cover page. Material designated Attorneys Eyes Only and Filed Under Seal shall be maintained separate from the public records in this action and shall be released only to Court personnel, to persons entitled to have access to such material under this Protective Order, or as further ordered by the Court.

10. Within thirty (30) days after the final conclusion of the above-captioned litigation, including all appeals, the producing party shall instruct the receiving party to: (i) destroy all originals and copies of each document or object that the producing party has designated as Attorneys Eyes Only (including both paper and electronic versions), and provide the producing party with an affidavit of destruction; or (ii) return all originals and copies of each document or object that the producing party has designated information as Attorneys Eyes Only to the producing party (including both paper and electronic versions), and provide the producing party with an affidavit confirming that all Attorneys Eyes Only information (including both paper and electronic versions) has been returned; or (iii) return certain Attorneys Eyes Only documents, as identified by the producing party in the instructions, destroy all other Attorneys Eyes Only documents, and provide an affidavit of compliance with the instructions of the producing party. In the event that the receiving party does not receive instructions from the producing party in accordance with this paragraph, the receiving party shall destroy all originals and copies of each document or object that the producing party has designated as Attorneys Eyes Only (including both paper and electronic versions), and provide the producing party with an affidavit of destruction. The receiving party shall provide the applicable affidavit within sixty (60) days after the final conclusion of the above-captioned litigation, including all appeals.

-8-

228269

11. Nothing in this Protective Order shall prevent counsel for the parties from agreeing at any time that certain Discovery Material otherwise covered by this Protective Order, including information disclosed during oral depositions, is not for Attorneys Eyes Only and need not be treated in accordance with the terms of this Protective Order.

12. Nothing in this Protective Order shall prevent a Party from seeking any change or modification in this Protective Order or foreclose any Party from requesting any further or additional protective orders. The Court reserves the right to make any changes or modifications to this Protective Order that it determines to be in the best interests of any party.

13. If any person possessing information marked Attorneys Eyes Only is subpoenaed by a court of competent jurisdiction in another action or proceeding or served with a document demand, and such subpoena or document demand seeks information designated as Attorneys Eyes Only, the person receiving the subpoena or document demand: (a) shall give written notice by fax within three business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the information for Attorneys Eyes Only; and (b) shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved; provided, however, that nothing in this Protective Order shall prevent any Party from disclosing any such designated material pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state agency or grand jury, and the notification and withholding procedures set forth above shall not apply in the case of any such request.

14. This Protective Order shall be effective immediately upon signature by counsel for all Parties, and all Parties agree that the Court may enforce the terms of this agreement.

15. This Stipulation may be executed by each Party separately.

*As Amended in paragraph #9*

The foregoing STIPULATED PROTECTIVE ORDER is hereby ADOPTED and ENTERED as an **ORDER** of the Court on this 11th day of December 2007.

_____
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

| | |
|---|---|
| s/ Jenifer C. Rodriguez | s/ Mark T. Bailey |
| Jennifer J. Lee | Daniel M. Reilly |
| Jenifer C. Rodriguez | Joseph J. Zonies |
| Patricia L. Medige | Mark T. Bailey |
| Migrant Farm Workers Division | REILLY POZNER & CONNELLY LLP |
| Colorado Legal Services | 511 16TH Street |
| 1905 Sherman Street, Suite 400 | Suite 700 |
| Denver, CO 80203 | Denver, CO 80202 |
| jlee@colegalserv.org | Telephone: (303)893-6100 |
| jcrodriguez@colegalserv.org | Facsimile: (303) 893-6110 |
| pmedige@colegalserv.org | E-Mail: dreilly@litigationcolorado.com |
| | jzonies@litigationcolorado.com |
| | mbailey@litigationcolorado.com |
| ATTORNEYS FOR PLAINTIFFS | |
| | ATTORNEYS FOR DEFENDANTS |

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the Protective Order entered in the case captioned *Elieser Yael Velasquez Catalan, et al v. Vermillion Ranch Limited Partnership, et al;* Civil Action No. **06-cv-01043-WYD-MJW**, has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____

-12-